James Paul DUNCAN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 985S350.

Supreme Court of Indiana.

Nov. 9, 1987.

Susan K. Carpenter, Public Defender, William L. Touchette, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant James Paul Duncan was originally convicted of conspiracy to commit a felony, Ind.Code § 35-1-111-1 (Burns 1975) and possession of burglary tools by a convicted felon, Ind.Code § 35-13-8-1 (Burns 1975) (repealed by 1976 Ind. Act, Publ.L. No. 148, § 24, effective October 1977). Defendant was also found to be a habitual

offender for which his sentence was enhanced to life imprisonment on each conviction, Ind.Code § 35–8–8–1 (Burns 1975) (repealed by 1976 Ind. Act, Publ.L. No. 148, § 24, effective July 1, 1979). In his previous direct appeal, defendant's conspiracy conviction was reversed, but the trial court judgment was otherwise affirmed. *Duncan v. State* (1980), 274 Ind. 144, 409 N.E.2d 597. Defendant now appeals from the denial of his subsequent petition for post-conviction relief. The sole determinative issue in this appeal is whether petitioner has demonstrated ineffective assistance of trial and appellate counsel so as to overcome the State's defense of waiver and prior appellate adjudication.

In its response to petitioner's petition for post-conviction relief, the State asserted waiver and *res judicata*. Petitioner amended his petition for post-conviction relief to include the allegations of ineffective assistance of both trial and appellate counsel. Denying post-conviction relief, the trial court made no findings of fact or conclusions of law with respect to petitioner's allegations of ineffective assistance of counsel, but did expressly determine:

> With the exception of the issue of newly discovered evidence,[1] all issues raised by petitioner were determined on appeal or were available and not raised on appeal. Those issues already determined on appeal are not subject to further review in this post-conviction relief proceeding. Those issues available but not raised on appeal are waived.

(R. 71).

Where a petitioner asserts ineffective assistance of counsel to rebut the validity of a waiver defense, a determination as to the claim of ineffective counsel may be necessary before reaching the merits of the other issues presented. *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538.

■ Claims of ineffective assistance of counsel are judged upon a standard which asks whether a defendant received "reasonably effective assistance." Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. Counsel is presumed competent, and appellant must present strong and convincing evidence to rebut the presumption. *Burr v. State* (1986), Ind., 492 N.E.2d 306; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

■ In his brief to this Court, appellant argues that his trial attorney's performance was deficient because of failure to make the objections which "would have preserved the issues raised in this appeal," and that appellate counsel was deficient because of his failure to raise such issues under the fundamental error doctrine. Appellant does not cite us to any other instances demonstrating alleged ineffectiveness of counsel. Other than mere assertion of ineffectiveness of counsel for failure to preserve and raise the additional issues which petitioner now wishes to assert, he fails to present the necessary strong and convincing evidence to rebut the presumption of competency. He does not demonstrate or discuss allegations of deficient performance particularized with respect to each of the claimed issues.

■ When appealing from the denial of a post-conviction petition, the petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. Petitioner has failed to demonstrate that the post-conviction trial court was erroneous in its ruling regarding waiver and previous determination in the earlier appeal. We therefore decline to review such issues.

■ Petitioner further claims that since the issues he wishes to raise concern only his life habitual offender sentence enhancement, the issues are not waived because they concern sentencing error which are not subject to waiver and may be raised at any time, citing *Lewandowski v. State* (1979), 271 Ind. 4, 389 N.E.2d 706, and

---

1. In his appeal from denial of post-conviction relief, defendant does not present the issue of newly discovered evidence, which we thereby deem to be waived.

*Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822. We find neither authority applicable. In *Lewandowski,* a sentence was revised in accordance with a subsequent ameliorative sentencing amendment and intervening case law. Thus the issues were not initially available and were not waived. In *Kleinrichert,* we refused to apply waiver and stated that a court of review "cannot ignore a fundamental error which is apparent on the face of the record, such as an incorrect sentence." 260 Ind. at 543, 297 N.E.2d at 826. The error there involved imposing both a fine and a sentence, contrary to the clear and express language of the applicable sentencing statute. In the case presently before us, petitioner does not claim that he was sentenced in violation of any clear and express statutory provision.

We conclude that the issues sought to be presented in this appeal were previously conclusively determined either in petitioner's prior direct appeal or his subsequent post-conviction relief proceeding. Judgment of the post-conviction trial court is affirmed.

SHEPARD, C.J., and GIVAN and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result without opinion.