Jerry MOTT, Appellant,

v.

STATE of Indiana, Appellee.

No. 38S00–8706–CR–553.

Supreme Court of Indiana.

Dec. 13, 1989.

Stephen D. Clase, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant was convicted by a jury of theft, a Class D felony, I.C. 35–43–4–2, and received a four-year sentence. This sentence was then enhanced by thirty years after the jury found the appellant to be a habitual offender, I.C. 35–50–2–8, resulting in a total sentence of thirty-four years. The evidence presented which tended to support the conviction showed that Marvin May gave Tim Gray permission to come onto his farm to cut up and cart away some obsolete farm equipment and that appellant, Gray and Charlie Brown went to May's farm, ostensibly in pursuit of this project. Upon ascertaining that May was away, appellant and Gray went into the house while Brown served as a lookout. The house was ransacked and $63.00 in coins was found in a kitchen cabinet. The three men took the money to Brown's home, where it was divided equally among them. Both Gray and Brown testified at appellant's trial.

In this direct appeal, appellant asserts that he was denied effective assistance of counsel in violation of his Sixth Amendment rights, that prosecutorial and police misconduct denied him a fair trial and caused him to be convicted on insufficient evidence, and that the habitual offender sentence enhancement cannot stand because it was based on documents erroneously admitted and on insufficient evidence. We find no merit in appellant's contentions and affirm the decision of the trial court.

## I.

■ To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-part test established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must demonstrate that the performance of his counsel fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203, 209 (1985); *see also Nix v. Whiteside,* 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). Counsel is presumed to be competent, and performance is reviewed with deference and without the distortions of hindsight. *Duncan v. State* (1987), Ind., 514 N.E.2d 1252, 1253. Appellant contends that questions by his counsel put to defense witnesses on direct examination elicited answers which so prejudiced his case and which opened the door to such damaging cross-examination that he was denied his Sixth Amendment rights.

During the direct examination of three defense witnesses, testimony emerged regarding uncharged acts of misconduct by appellant, which he claims prejudiced him in the eyes of the jury by portraying him as a violent, angry womanizer. Two of the challenged episodes involved questioning by appellant's attorney which was apparently designed, first, to establish that an alibi witness had no motivation to lie on appellant's behalf and, second, to address a situation involving a barroom brawl which had already been brought out through the testimony of a prosecution witness. During the third challenged episode, counsel elicited from the witness, the former cellmate of Tim Gray, testimony which called into question the veracity and reliability of Gray's account of the charged crime. However, the scope of the direct examination allowed the State, on cross-examination, to pursue in more detail the witness's knowledge of another crime for which appellant was under investigation in Ohio.

■ While in retrospect, one might conclude that the strategy and performance at issue was not the best, isolated instances of poor strategy or inartfully executed examinations do not necessarily amount to ineffectiveness of counsel. *Duncan,* 514 N.E.2d 1252; *see also United States v. Weston,* 708 F.2d 302, 307 (7th Cir.), *cert. denied,* 464 U.S. 962, 104 S.Ct. 397, 78 L.Ed.2d 340 (1983) (where counsel misspoke through inadvertence, rather than through ignorance of possible prejudice, "such a slip of the lip ... during the pressures of trial was [not] so egregious as to warrant reversal" on an ineffective assistance of counsel claim). A review of the entire record reveals that counsel zealously represented appellant's interests. Counsel presented alibi witnesses, conducted vigorous cross-examinations, and attempted to discredit the most damning evidence against appellant, Gray's account of the crime, by presenting a witness who testified that appellant's alleged accomplice had lied about appellant's involvement in the theft. We hold that counsel's decision to call these defense witnesses and to question them as he did does not fall below the applicable standard governing attorney performance. Appellant has failed to satisfy the first requirement of the *Strickland* test; therefore, it is unnecessary for us to reach the prejudice portion of the test.

## II.

■ Appellant contends that the police and prosecutor committed misconduct which denied him a fair trial. He claims that the tactics employed to secure the

testimony of Tim Gray, alternately threatening to add and promising to drop charges against him depending on his decision to testify, rendered his testimony inherently unreliable and caused appellant to be convicted on insufficient evidence. The acquisition of a statement known to have been tailored by a witness to conform to the expectations of his interrogators so as to escape the physical or mental pressures being exerted on him and the knowing use of such perjured testimony constitutes misconduct by the State and is a denial of due process. *See United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Otherwise, threats and promises made during plea bargain negotiations are permissible so long as the State has the power to enforce them when the agreement is entered into. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173; *Schmanski v. State* (1984), Ind., 466 N.E.2d 14. There is no evidence that Gray was subject to such impermissible, irresistible pressure as to compel him to perjure himself, and further, the details of Gray's plea bargain and the fact that he would not have testified against appellant otherwise were before the jury. It was for them to factor this information into their assessment of the credibility and weight to be accorded to his testimony. *Gebhart v. State* (1988), Ind., 525 N.E.2d 603; *Griffin v. State* (1986), Ind., 493 N.E.2d 439. Neither the police nor the prosecutor engaged in misconduct.

■ Appellant also asserts that the evidence was insufficient to convict him because the State's witnesses were not worthy of belief and their statements were inconsistent and because there were contradictions between the testimony of the State's witnesses and that of the defense witnesses. The resolution of conflicts in the evidence lies within the province of the jury. *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1241, 89 L.Ed.2d 349 (1986). Appellant is asking this Court to invade the province of the jury and to assess the credibility of the witnesses and reweigh the evidence, and this we will not do. The uncorroborated testimony of an accomplice is sufficient on appeal to sustain a conviction.

*Strode v. State* (1988), Ind., 506 N.E.2d 28. Appellant has presented no grounds for reversal on this issue.

### III.

■ Appellant contends that the thirty-year sentence enhancement cannot stand because the finding of his status as a habitual offender was supported by insufficient evidence. James Highley appeared for the State and testified that he was the Clerk of the Court of Common Pleas of Mercer County, Ohio, and that his official duties included keeping and maintaining the records of that court. Highley was asked to compare copies of court documents offered in evidence as State's exhibits 3 and 4 with originals he had brought with him, and he confirmed that the State's exhibits were accurate copies of the records maintained in his office. These copies, entered into evidence over appellant's objection, established that appellant had previously been convicted and sentenced in Ohio for two unrelated felonies and that the convictions and sentences had occurred in the proper sequence.

■ Appellant first argues on appeal that the documents were not exemplified as required by I.C. 34–1–18–7 and Trial Rule 44(A)(2), which govern the admissibility of foreign documents, and that it was error for the trial court to admit them into evidence. Since those documents were inadmissible, his argument continues, and since the State offered to prove no other prior unrelated felonies, there was no evidence properly before the court which could support the habitual offender finding and therefore the sentence enhancement must be vacated. The purpose of the authentication provisions set out in the statute and the trial rule is to ensure that foreign documents offered as evidence in the courts of this state are what they purport to be so as to protect against the admission of fabrications. Where the official charged with the retention and maintenance of foreign court documents personally appears and testifies as to their authenticity, this purpose has been satisfied. Strict application of the

exemplification requirement would have been superfluous here, and the trial court's admission of the unexemplified documents was not error.

Even if Highley had not appeared, there would have been no error in admitting the documents offered by the State in this case. Appellant contends that the documents lacked the exemplification required by the statute and trial rule because they contained no final certification as to the genuineness of the signature and official position of the clerk of the court. In *Mayes v. State* (1984), Ind., 467 N.E.2d 1189, 1195, this Court held that the admission of certain Michigan court documents was proper despite the lack of exemplification, stating that the exhibit "was certified by the Clerk of the Recorder's Court of the City of Detroit as a correct transcript from the record on file in the court[, and that] [t]his certification complied with T.R. 44." Here, the Deputy Clerk of the Court of Common Pleas of Mercer County, Ohio, certified under seal that the documents in question were true and accurate copies of the original documents on file in that office. This would have been sufficient certification to satisfy Trial Rule 44 whether or not the clerk himself had appeared and testified.

Appellant also claims that State's exhibits 3 and 4 do not qualify as the convictions required to support a habitual offender finding under Indiana law because neither document included a formal pronouncement of guilt by the court nor a formal entry of judgment of conviction. He argues in his motion to correct errors that because the language "ordered, adjudged and decreed" was not used in the Ohio documents, they should not be considered convictions which could properly be offered by the State as proof of his status as a habitual offender here in Indiana. A review of the Ohio documents in question shows that State's exhibits 3 and 4 are copies of records for cause numbers 4388 and 4501 from the Mercer County Court of Common Pleas. Both exhibits include a charging instrument and court documents which reflect that in each case, appellant

pleaded guilty to the charged crime, that the court accepted his guilty plea, and that a sentence was imposed. The acceptance of pleas and imposition of sentences by the Ohio court constituted convictions, and the habitual offender finding and sentence enhancement here will not be set aside on the mere semantic basis put forth by appellant.

The conviction and the sentence imposed by the trial court are affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.