Gary HINER, Appellant (Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 35A02–8911–CR–581.

Court of Appeals of Indiana,
Second District.

Aug. 8, 1990.

---

4. See footnote 3, *supra.*

Eugene C. Hollander, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Defendant-appellant Gary Hiner (Hiner) appeals from his conviction for dealing in cocaine,[1] claiming he received ineffective assistance of counsel.

We reverse and remand for new trial.

## FACTS

The facts most favorable to the jury's verdict reveal that an informant for the Huntington County Sheriff's Department and the Indiana State Police went to Hiner's home to purchase cocaine. Hiner was not home, but the informant talked to Hiner's wife. The informant gave money to Hiner's wife and was told to return later to receive the drugs. The informant returned to Hiner's house and she was given cocaine. After using some of the cocaine with both of the Hiners, the informant left and gave the remainder of the cocaine to the police. On March 17, 1989, Hiner was charged with dealing cocaine, a class B felony. A jury trial was held on June 6, 1989.

Before the jury trial commenced, a preliminary hearing on both the State's and Hiner's motions in limine was held. The State's motion in limine requested that the court prevent Hiner's attorney and his defense witnesses from commenting as to the informant's prior history of drug use. Hiner's counsel objected, claiming that the cornerstone of Hiner's defense was the im-peachment of the informant and the introduction of evidence that the informant had alternate sources for narcotics and therefore the cocaine given to the police could have come from a source other than Hiner.

The trial court determined that, because a witness could not be impeached by evidence of prior bad acts, the State's motion in limine should be granted. After the trial court granted the State's motion, Hiner's counsel informed the court that he believed that in order to preserve any error in the court's ruling on the motion in limine, the defense would have to stand mute throughout the trial. And so he did. He made no comment during voir dire, offered no preliminary instructions and responded "Defendant stands mute, your Honor", *record* at 128, whenever he was addressed by the trial court. He refused to make opening arguments, refused to object during the direct examination of any of the State's witnesses, and refused to cross-examine any of the State's witnesses. After the State rested, he gave the trial court a handwritten summary of expected defense witness testimony, but told the court that he would offer no defense, that all of the defense witnesses had been excused, and that the defendant "stood mute".

The trial judge indicated that he was interested in the possible testimony of one witness and queried Hiner's counsel as to the witness' availability. Hiner's counsel informed the trial court that the witness had been excused and that he would not call the witness to the stand, but stated that the court could call the witness as the court's witness. The trial judge declined counsel's offer. Hiner's counsel refused to make closing arguments, offered no final instructions, and did not object to the trial court's final instructions to the jury.

Hiner was found guilty of dealing cocaine and was sentenced to a fifteen-year term of imprisonment.

## ISSUE

Whether Hiner received ineffective assistance of counsel?

---

1. Ind.Code 35–48–4–1 (1988).

*PARTIES' CONTENTIONS*—Hiner argues that he received ineffective assistance of counsel because his attorney stood mute throughout his entire trial. The State responds that the trial counsel's decision to stand mute was a strategic decision and therefore Hiner did not receive ineffective assistance of counsel.

*CONCLUSION*—Hiner received ineffective assistance of counsel.

■■■ To succeed upon a claim of ineffective assistance of counsel, a defendant must show deficient performance by counsel which prejudiced him. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. We agree with Hiner's contention that his counsel's decision to "stand mute" throughout his entire trial was deficient performance which substantially prejudiced his right to receive a fair trial.

■ This decision by counsel waived any error the trial court might have made concerning the motion in limine. The proper remedy would have been for counsel to call a defense witness, and if objections to the witness' testimony were sustained, an offer to prove could have been made to preserve the error. *Mitchem v. State* (1987), Ind., 503 N.E.2d 889.

■ The State points to the hand-written "offer to prove" summary of the defense witness' expected testimony submitted by counsel as preservation of error. *Appellee's Brief* at 5. The supreme court in *Mitchem* has decided otherwise, "[i]t is well-established that without the witness being called and questioned, and without an objection to his testimony being sustained, no offer to prove could have been made." *Id.* at 893.

In considering similar circumstances, this court in *Albright v. State* (1986), Ind.App., 501 N.E.2d 488, decided that an attorney's attempt to summarize the expected testimony of a defense witness was not an offer to prove. The court emphasized that an offer to prove can only be made during the examination of a *witness*, and that counsel's attempt to summarize a witness' testimony is inadmissible hearsay. *Id.* at 495.

Therefore, Hiner's counsel's attempt to preserve the trial court's alleged error waived the issue for our consideration. We must also conclude that counsel's decision to "stand mute" throughout the remainder of Hiner's trial was ineffective assistance of counsel. While isolated poor strategy does not necessarily amount to ineffective assistance of counsel, *Mott v. State* (1989), Ind., 547 N.E.2d 261, counsel's decision, in effect, rendered him without counsel throughout the remainder of his trial.

In *Williams v. State* (1987), Ind., 508 N.E.2d 1264, our supreme court considered circumstances in which a defendant's counsel was unprepared to put on a defense at the defendant's trial. The defense counsel indicated that, while the defendant possessed an alibi defense with merit, the defendant's inability to pay had forced him to make no preparation for trial. The supreme court decided:

> "In addition to revealing substandard representation, the record graphically portrays a breakdown in the adversarial process which casts substantial doubt on the reliability of Williams' trial, as required by *Strickland*. Williams' fate was determined before he stepped into the courtroom on the first day of his trial. Counsel was so ineffective as to deprive Williams of even an opportunity to present a defense, a central right in our criminal justice system."

*Id.* at 1268.

It was concluded that the compilation of errors and omissions by the defendant's counsel constituted ineffective assistance of counsel.

Hiner's counsel's performance was more deficient than that considered by the supreme court in *Williams*. In *Williams*, the supreme court observed that the defense counsel aggressively pursued evidentiary objections and cross-examined the State's witnesses. *Williams, supra* at 1266. Hiner's counsel, however, did nothing during the trial. He made no argument, made no objections, refused to cross-

examine the State's witnesses, and presented no defense on Hiner's behalf.

During the hearing on the motion in limine, counsel indicated that there was a possible defense of entrapment and that he intended to attack the credibility of the State's main witness. *Record* at 115–17. Hiner's appellant counsel indicates that arguments concerning the sufficiency of evidence could have been raised because the evidence indicates that Hiner was not present when the State's informant gave Hiner's wife the payment for the cocaine, but that he was only present when the cocaine was delivered.

On appeal, Hiner also argues that his trial counsel could have offered an instruction concerning the lesser included offense of possession of cocaine, and argued the insufficiency of the evidence against him.

In effect, trial counsel pinned all hope of a successful outcome on one roll of the dice ... and lost.

Considering the record as a whole, it is readily apparent that Hiner's counsel failed to provide Hiner any effective assistance. In view of the magnitude of this substandard performance, we can only conclude that Hiner received ineffective assistance of counsel and is entitled to a new trial.

Reversed and remanded for a new trial.

SULLIVAN and GARRARD, JJ., concur.