John BOCHNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 41A05–9812–CR–629.

Court of Appeals of Indiana.

Aug. 25, 1999.

Rehearing Denied Oct. 20, 1999.

John P. Wilson, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Following a jury trial, John Bochner appeals his convictions for criminal deviate conduct,[1] a Class B felony, and criminal confinement,[2] a Class B felony, and the finding that he is an habitual offender.[3] Bochner raises four issues for our review, which we restate as:

I. Whether the trial court erred by failing to hold an initial hearing to advise Bochner of his rights.

II. Whether the evidence is sufficient to support Bochner's conviction for criminal deviate conduct.

III. Whether the evidence is sufficient to support Bochner's conviction for criminal confinement.

IV. Whether the evidence is sufficient to support the habitual offender enhancement.

We affirm in part, reverse in part, and remand.

The facts most favorable to the State reveal that Bochner went to the home of his estranged wife, Cynthia Milto, early on October 17, 1997. Bochner was placing a rope around Milto's neck when she awoke. She tried to remove the rope, but Bochner held a knife to her throat. Bochner proceeded to tie Milto's hands and feet. Bochner placed his fingers, and then a foreign object, in her vagina and rectum. Later, Bochner forced Milto to perform fellatio.

---

1. IND.CODE § 35–42–4–2 (Supp.1997).

2. IND.CODE § 35–42–3–3 (Supp.1997).

3. IND.CODE § 35–50–2–8 (Supp.1997).

Later on the same day, while again holding the knife to Milto's throat, Bochner asked her to accompany him on a trip. Bochner then drove Milto to Illinois. Once they had crossed the state line, Milto convinced Bochner to return home and seek help. On the return trip, Bochner threw the knife out the car window. A jury convicted Bochner; this appeal ensued.

## I.

### Initial Hearing

■ Bochner contends that the trial court erred by failing to hold an initial hearing where Bochner was advised of his rights. Specifically, Bochner argues that he was prejudiced because the court failed to advise him of his right to a speedy trial. IND.CODE § 35–33–7–5 (Supp.1997) requires the trial court, at an initial hearing, to inform the defendant of his right to counsel, his right to a speedy trial, his conditions of bail, his privilege against self-incrimination, the nature of the charges against him, and that a preliminary plea of not guilty is being entered on his behalf. In order to warrant reversal, a defendant must show that the failure of the trial court to advise him of his rights at the initial hearing caused him harm. *Fox v. State*, 506 N.E.2d 1090, 1096 (Ind. 1987).

■ Bochner contends that when he appeared before the Johnson County Superior Court judge on October 27, 1997, he was appointed counsel, but was not informed of any of his other rights. Bochner argues that this prejudiced him, in that he would have sought a speedy trial under Ind.Crim. Rule 4(A) had he known it was available to him. However, the record reveals that Bochner was advised of his right to a speedy trial when he was initially brought before a magistrate on October 20, 1997. Although no charges had been filed against Bochner at that time, Bochner was informed of his right to, and requested, a speedy trial. The magistrate informed Bochner that his right to a speedy trial would attach once the prosecutor filed charges against him. Further, the evidence reveals that Bochner asserted his right to a speedy trial under Crim. R. 4(A) on

several occasions before trial. As a result of Bochner's first motion, wherein he asked to be released on his own recognizance because his trial had not been set within six months of the date he was charged with the offenses, the trial court moved the trial date within the six-month period. Therefore, it is clear that Bochner knew of his right to a speedy trial. The error of the trial court in not informing Bochner of his rights under IC 35–33–7–5 did not cause harm to Bochner, and does not warrant reversal.

## II.

### Criminal Deviate Conduct

■ Bochner argues that the State's evidence is insufficient to support his conviction for criminal deviate conduct. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

■ In order to prove that Bochner was guilty of criminal deviate conduct, the State was required to prove that Bochner knowingly or intentionally caused another person to perform or submit to deviate sexual conduct when the other person was compelled by force or imminent threat of force. IC 35–42–4–2. Bochner raises two challenges to the sufficiency of the State's evidence. First, he argues that the State did not prove he was the perpetrator. However, Milto testified that it was Bochner who forced her to perform and submit to the sexual acts. The two had been married for eighteen months prior to this incident. Therefore, Milto's identification of Bochner as the assailant is sufficient. *See Thompson v. State*, 674 N.E.2d 1307, 1311 (Ind.1996) (holding that victim's identification of assailant is sufficient).

■ Bochner next contends that the State failed to prove that any sexual activity took place. However, Milto's testimony revealed that Bochner inserted his fingers and anoth-

er object into Milto's vagina and rectum, and that Bochner forced Milto to perform fellatio. Too, the State presented medical evidence showing that there was bruising just above Milto's vaginal area, which was likely caused by trauma. The State's evidence is sufficient to support Bochner's conviction for criminal deviate conduct.

## III.

### Criminal Confinement

Bochner contends that the State's evidence is insufficient to support his conviction for criminal confinement. As stated above, when reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan,* 656 N.E.2d at 817. We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

█ In order to convict Bochner of criminal confinement, the State must prove that Bochner knowingly or intentionally confined another person without that person's consent, or removed another person by force or threat of force from one place to another. IC 35-42-3-3. Milto's testimony revealed that Bochner held a knife to her throat and tied her wrists and ankles with rope. The State corroborated Milto's testimony with pictures showing redness around Milto's neck, wrists and ankles. Further, Milto testified that Bochner held a knife to her throat when he asked her to accompany him on a trip. This evidence is sufficient to support Bochner's conviction for criminal confinement.

4. Bochner also argues that the habitual offender charge should have been dismissed prior to his trial. Because Bochner uses the same argument for both of his contentions, we will address his argument in the context of sufficiency.

5. The *Yale* court supported its holding by pointing out that the Missouri legislature has given sentencing courts the option, *inter alia,* to: (1) suspend imposition of the sentence, with or without placing the person on probation; or (2) pro-.

## IV. 

### Habitual Offender Enhancement

Bochner contends that his adjudication as an habitual offender was not supported by sufficient evidence.[4] IC 35-50-2-8 provides that a person is an habitual offender if that person "has accumulated two (2) prior unrelated felony convictions." A felony conviction is "a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year." IND.CODE § 35-50-2-1(b).

█ One of the convictions used to support Bochner's habitual offender charge was related to an offense that occurred in Missouri. Bochner was charged with exhibiting a deadly weapon, and he pleaded guilty to that charge. The sentence for the crime of exhibiting a deadly weapon, a class D felony, is "a term of years not to exceed five years[.]" MO. ANN. STAT. § 571.030 (West 1988); MO. ANN. STAT. § 558.011.1(4) (West 1988). However, Bochner entered into a plea agreement whereby the court suspended imposition of his sentence and he received five years of probation. Missouri law provides that, "If the person is arrested but ... imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.120." MO. ANN. STAT. § 610.105 (West 1988). Further, the Missouri Supreme Court has held that the suspended imposition of a sentence and the placement of a person on probation does not constitute a "conviction." *Yale v. City of Independence,* 846 S.W.2d 193, 196 (Mo.1993). The *Yale* court held that the suspended imposition of a sentence is not a final judgment, and thus, cannot be considered a conviction. *Id.* at 194–95.[5] Thus,

nounce sentence and suspend its execution, placing the person on probation. MO. ANN STAT. § 557.011.2(3)-(4) (West 1988). The court reasoned that "the legislature would not have provided for suspended imposition of sentence unless it was to have an effect different from the other approved dispositions," and that the effect of a suspended imposition of sentence is that it does not result in a conviction. *Yale,* 846 S.W.2d at 195.

**420**

Bochner argues, his plea of guilty and the suspended imposition of his sentence did not result in a conviction, and cannot be used as a prior felony conviction for purposes of proving that he is an habitual offender.[6] We agree. Indiana's habitual offender statute requires the State to prove beyond a reasonable doubt that the defendant has two prior felony convictions. IC 35–50–2–8. Here, the State relied on Bochner's plea of guilty to the Missouri offense as one of the requisite prior convictions. However, under Missouri law, Bochner was never convicted of the offense that he committed in that state.

In support of its argument that Bochner's plea of guilty to the Missouri offense can be used to support the habitual offender enhancement, the State relies on *Lockhart v. State*, 609 N.E.2d 1093 (Ind.1993), and *Mott v. State*, 547 N.E.2d 261 (Ind.1989). In *Lockhart*, the defendant challenged the use of a Texas conviction as an aggravating circumstance in an Indiana sentencing proceeding, because Texas law prohibits the use of prior convictions in sentencing determinations unless the convictions have been affirmed on appeal. 609 N.E.2d at 1102. Our supreme court held that the Texas conviction was properly considered as an aggravating factor, because "the interpretation of a prior conviction from another jurisdiction is determined by Indiana law." *Id.* at 1102–03. *Lockhart* is distinguishable from the case at bar. In *Lockhart*, a conviction had been entered against the defendant in Texas and our supreme court was deciding whether that prior conviction was a proper aggravating factor. In contrast, Bochner was never convicted of a crime in Missouri. Thus, the issue before us is not the interpretation of a prior conviction, because there is no prior conviction. The State's reliance on *Lockhart* is misplaced.

In *Mott*, the defendant challenged the State's use of a conviction from Ohio in an Indiana habitual offender proceeding. 547 N.E.2d at 265. The Ohio court had accepted

Mott's guilty plea and imposed a sentence, but had not used any formal language of judgment or conviction. Our supreme court held that the use of the Ohio conviction was proper, because "the acceptance of pleas and imposition of sentences by the Ohio court constituted convictions." *Id.* However, the plea and sentencing in Ohio was a conviction under Ohio law, unlike Bochner's plea and the suspended imposition of sentence in Missouri, which did not constitute a "conviction" under Missouri law. *See Yale*, 846 S.W.2d at 196.

Indiana's habitual offender statute requires the State to prove that a person has two prior unrelated felony convictions in order to enhance that person's sentence for the underlying offense. IC 35–50–2–8. Bochner was not convicted of the Missouri offense relied on by the State. Thus, there is not sufficient evidence to support Bochner's adjudication as an habitual offender. Therefore, we reverse Bochner's habitual offender enhancement, and remand with instructions for the trial court to vacate the portion of Bochner's sentence attributable to his adjudication as an habitual offender.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and RUCKER, J., concur.

---

6. We note that under Missouri's persistent offender statute, Bochner's plea of guilty could be used to support a persistent offender charge, even though the court suspended imposition of his sentence. Mo. Ann Stat. § 558.016.3 (West 1988). However, Missouri's persistent offender statute does not require the State to prove two prior felony convictions, as Indiana's habitual offender statute does. Instead, Missouri law defines persistent offender as "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." *Id.*