## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2016, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry Smith,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 30, 2016

Court of Appeals Case No.
49A04-1608-PC-1953

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge
The Honorable Steven J. Rubick, Magistrate

Trial Court Cause No.
49G01-1003-PC-17803

**Bradford, Judge.**

# Case Summary

[1] In March of 2010, Appellee-Respondent the State of Indiana ("the State") charged Appellant-Petitioner Terry Smith with Class A felony attempted murder, Class B felony armed robbery, Class B felony criminal confinement, Class B felony unlawful possession of a firearm by a serious violent felon ("SVF"), Class D felony auto theft, and Class D felony resisting law enforcement. The State subsequently amended the charges to add an allegation that Smith was a habitual offender. Following trial, the jury found Smith guilty of Class B felony robbery, Class D felony auto theft, and Class D felony resisting law enforcement. The trial court subsequently found Smith guilty of Class B felony unlawful possession of a firearm by a SVF. The trial court also determined that Smith was a habitual offender. The trial court then sentenced Smith to an aggregate term of forty-five years. Smith appealed, challenging, among other things, the sufficiency of the evidence to sustain the determination that he was a habitual offender.

[2] Smith subsequently filed a petition seeking post-conviction relief ("PCR"), arguing that he suffered ineffective assistance of appellate counsel. Following an evidentiary hearing on Smith's petition, the post-conviction court determined that Smith had failed to establish that he suffered ineffective assistance of appellate counsel. On appeal, Smith challenges the post-conviction court's determination. Concluding that Smith has failed to prove that he suffered ineffective assistance of appellate counsel, we affirm.

# Facts and Procedural History

[3]     Our opinion in Smith's prior direct appeal, which was handed down on February 7, 2013, instructs us to the underlying facts and procedural history leading to this post-conviction appeal.

> On March 8, 2010, the State charged Smith with Class A felony attempted murder, Class B felony armed robbery, Class B felony criminal confinement, Class B felony unlawful possession of a firearm by a serious violent felon, Class D felony auto theft, and Class D felony resisting law enforcement. The State subsequently amended the charges to add an allegation that Smith was an habitual offender. A jury trial was held on May 31 through June 3, 2011. At the conclusion of this trial, the jury found Smith not guilty of attempted murder and criminal confinement, but was unable to reach a verdict on the remaining counts. The trial court declared a mistrial as to the counts on which the jury was unable to reach verdict, and a second jury trial on those counts was set for August 22, 2011.

> ****

> Smith's second jury trial began on December 19, 2011. On December 21, 2011, the jury found Smith guilty of Class B felony robbery, Class D felony auto theft, and Class D felony resisting law enforcement. Smith waived his right to a jury trial on the charge of possession of a firearm by a serious violent felon and the allegation that he was an habitual offender. The trial court later found Smith guilty of possession of a firearm by a serious violent felon and found Smith to be an habitual offender.

> At a hearing held on January 27, 2012, the trial court sentenced Smith to fifteen years on the robbery conviction, to which a thirty-year habitual offender enhancement was added. The trial court sentenced Smith to twenty years for possession of a firearm by a serious violent felon, three years for auto theft, and three

years for resisting law enforcement. All of these sentences were to run concurrently with the forty-five-year enhanced sentence imposed on the robbery conviction.

*Smith v. State*, 982 N.E.2d 393, 398-400 (Ind. Ct. App. 2013).

[4] On December 24, 2013, Smith filed a *pro-se* PCR petition. Smith, by counsel, filed an amended PCR petition on July 8, 2015. In this amended petition, Smith claimed that he received ineffective assistance from his appellate counsel. The trial court conducted an evidentiary hearing on November 17, 2015, after which it took the matter under advisement. On August 1, 2016, the post-conviction court issued an order denying Smith's petition. This appeal follows.

# Discussion and Decision

[5] Post-conviction procedures do not afford the petitioner with a super-appeal. *Williams v. State*, 706 N.E.2d 149, 153 (Ind. 1999). Instead, they create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules. *Id.* A petitioner who has been denied post-conviction relief appeals from a negative judgment and as a result, faces a rigorous standard of review on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001); *Colliar v. State*, 715 N.E.2d 940, 942 (Ind. Ct. App. 1999), *trans. denied*.

[6] Post-conviction proceedings are civil in nature. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). Therefore, in order to prevail, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5);

*Stevens*, 770 N.E.2d at 745. When appealing from the denial of a PCR petition, a petitioner must convince this court that the evidence, taken as a whole, "leads unmistakably to a conclusion opposite that reached by the post-conviction court." *Stevens*, 770 N.E.2d at 745. "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law." *Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004), *trans. denied*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). We therefore accept the post-conviction court's findings of fact unless they are clearly erroneous but give no deference to its conclusions of law. *Id.*

# I. Ineffective Assistance of Counsel

The right to effective counsel is rooted in the Sixth Amendment to the United States Constitution. *Taylor v. State*, 840 N.E.2d 324, 331 (Ind. 2006). "'The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 685 (1984)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

[8] A successful claim for ineffective assistance of counsel must satisfy two components. *Reed v. State*, 866 N.E.2d 767, 769 (Ind. 2007). The standard of review for a claim of ineffective assistance of appellate counsel is the same as for trial counsel in that the petitioner must show appellate counsel was deficient in his performance and that the deficiency resulted in prejudice. *Overstreet v. State*, 877 N.E.2d 144, 165 (Ind. 2007) (citing *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1997)).

[9] Under the first prong, the petitioner must establish that counsel's performance was deficient by demonstrating that counsel's representation "fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Reed*, 866 N.E.2d at 769. We recognize that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or most effective way to represent a client, and therefore, under this prong, we will assume that counsel performed adequately and defer to counsel's strategic and tactical decisions. *Smith v. State*, 765 N.E.2d 578, 585 (Ind. 2002). Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Id*.

[10] Under the second prong, the petitioner must show that the deficient performance resulted in prejudice. *Reed*, 866 N.E.2d at 769. Again, a petitioner may show prejudice by demonstrating that there is "a reasonable probability (*i.e.* a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id*.

A petitioner's failure to satisfy either prong will cause the ineffective assistance of counsel claim to fail. *See Williams*, 706 N.E.2d at 154. Stated differently, "[a]lthough the two parts of the *Strickland* test are separate inquires, a claim may be disposed of on either prong." *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (citing *Williams*, 706 N.E.2d at 154).

[11] In alleging ineffective assistance of appellate counsel, Smith claims that his counsel rendered ineffective assistance by (1) failing to cite to certain authority which he claims would have strengthened his sufficiency argument on direct appeal and (2) failing to challenge the sufficiency of the evidence to sustain his conviction for unlawful possession of a firearm by a SVF. Both of Smith's arguments are predicated on his claim that the State failed to present sufficient evidence to prove that he had been convicted in Marion County of felony robbery, unlawful possession of a firearm by a SVF, and auto theft in 2003.

## A. Failure to Cite to Authority

[12] Smith contends that his appellate counsel was ineffective for failing to cite to our opinions in *Bochner v. State*, 715 N.E.2d 416 (Ind. Ct. App. 1999) and *Abdullah v. State*, 847 N.E.2d 1031 (Ind. Ct. App. 2006), on direct appeal. Specifically, Smith claims that citation to each of these cases would have bolstered his argument that the State presented insufficient evidence to prove that Smith was a habitual offender.

### *1.* **Bochner**

In *Bochner*, one of the convictions used to prove Bochner's status as a habitual offender was an offense that occurred in Missouri. 715 N.E.2d at 419. In the Missouri case, Bochner entered into a plea agreement whereby the court suspended imposition of his sentence and placed Bochner on probation. *Id*. In reviewing Bochner's challenge to the sufficiency of the State's evidence to prove he was a habitual offender on appeal, we noted the following:

> Missouri law provides that, "If the person is arrested but ... imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.120." MO. Ann. Stat. § 610.105 (West 1988). Further, the Missouri Supreme Court has held that the suspended imposition of a sentence and the placement of a person on probation does not constitute a "conviction." *Yale v. City of Independence*, 846 S.W.2d 193, 196 (Mo. 1993). The *Yale* court held that the suspended imposition of a sentence is not a final judgment, and thus, cannot be considered a conviction. *Id*. at 194–95.

*Id*. (footnote omitted). Given Missouri's relevant statutory authority and the Missouri Supreme Court's opinion in *Yale*, we concluded that the Missouri offense did not qualify as a prior conviction because, under Missouri law, Bochner was never convicted of the offense that he was alleged to have committed in that state. *Id*. at 420.

We are unpersuaded by Smith's assertion that citation to *Bochner* would have somehow clarified his appellate counsel's argument with regard to whether the

abstract of judgment at issue, which dealt with an Indiana conviction and was signed by an Indiana judicial officer, was sufficient to prove he had, in fact, been convicted of the underlying crime. In fact, we have trouble ascertaining how citation to our opinion in *Bochner*, which considered a question relating to whether an individual was deemed to have been convicted of a crime under Missouri law, could have possibly aided Smith's sufficiency argument below.[1] Smith, therefore, has failed to prove that his appellate counsel's failure to cite to *Bochner* constituted either deficient performance or resulted in prejudice. As such, we conclude that Smith has failed to prove that his appellate counsel was ineffective for failing to cite to *Bochner* on direct appeal.

## 2. Abdullah

We also conclude that counsel cannot be found ineffective for failing to cite to *Abdullah* in counsel's brief on direct appeal because citation to *Abdullah* would be unavailing as it is easily distinguishable from the instant matter. In *Abdullah*, the question was whether an abstract of judgment which bore no judicial signature was sufficient to prove a prior conviction. 847 N.E.2d at 1033-35. Upon review, we noted that Trial Rule 58(B) requires that an abstract of judgment shall include the signature of the judge. *Id*. at 1034. As such, we concluded that "an unsigned abstract fails to represent the trial court's final

---

[1] It seems that at most, *Bochner* could apply insofar as it reiterates the uncontested legal principal that one must have two prior unrelated felony convictions before one can be determined to be a habitual offender.

judgment and, therefore, is insufficient to prove a prior conviction for purposes of proving … statuses as a serious violent felon and a habitual offender." *Id*. at 1035.

[16] Unlike the abstract of judgment at issue in *Abdullah*, the abstract of judgment at issue in the instant matter was not unsigned. It was signed by Master Commissioner Nancy L. Broyles. As we noted in our opinion in Smith's direct appeal, the record is devoid of any evidence of or suggestion that Smith "ever challenged the validity of his guilty plea and subsequent conviction for robbery on the basis that the master commissioner was without authority to enter a final order." *Smith*, 982 N.E.2d at 409. Because we found that a judicial officer had signed the judgment, and that judgment was never challenged at trial or on appeal as being improper, under these facts and circumstances presented to the court, we concluded "that the State presented evidence sufficient for the trial court to conclude that Smith had in fact been convicted of robbery in 2003, and there was therefore sufficient evidence to support Smith's adjudication as an habitual offender." *Id*. (footnote omitted). Smith has failed to establish that his appellate counsel's failure to cite to *Abdullah*, which again would have been unavailing as it was distinguishable from the facts and circumstances of Smith's case, constituted either deficient performance or resulted in prejudice.

## B. Failure to Raise Sufficiency Claim on Direct Appeal

[17] The Indiana Supreme Court has noted that the failure to raise an issue on direct appeal can be a formidable error because of the well-established rule that issues

that were or could have been raised on direct appeal are not available for post-conviction review. *See Bieghler*, 690 N.E.2d at 193. Nevertheless, "'[i]neffectiveness is very rarely found in these cases.'" *Id.* (quoting Lissa Griffin, *The Right to Effective Assistance of Appellate Counsel*, 97 W. Va. L.Rev. 1, 25 (1994)) (brackets in original). One explanation for why ineffectiveness is rarely found in these types of cases is that the decision of what issues to raise on appeal is one of the most important strategic decisions to be made by appellate counsel. *Id.*

> "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). As Justice Jackson noted,
>
>> "Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one.... [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one."
>
> *Id.* at 752, 103 S.Ct. at 33133 (quoting Justice Robert H. Jackson, *Advocacy Before the United States Supreme Court*, 25 Temple L.Q. 115, 119 (1951)). Accordingly, when assessing these types of ineffectiveness claims, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable. *See Smith v. Murray*, 477 U.S. 527, 535-36, 106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986).

*Id.* at 193-94.

[18] The Indiana Supreme Court noted that "[i]n analyzing this sort of case, the Seventh Circuit, under its performance analysis, first looks to see whether the unraised issues were significant and obvious upon the face of the record." *Id*. at 194. "If so, that court then compares these unraised obvious issues to those raised by appellate counsel, finding deficient performance 'only when ignored issues are clearly stronger than those presented.'" *Id*. (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986) (additional citations omitted). The Indiana Supreme Court also noted that when completing this analysis, "the reviewing court should be particularly sensitive to the need for separating the wheat from the chaff in appellate advocacy, and should not find deficient performance when counsel's choice of some issues over others was reasonable in light of the facts of the case and the precedent available to counsel when that choice was made." *Id*.

[19] Smith essentially bases his contention that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to prove his conviction for unlawful possession of a firearm by a SVF on the same arguments presented with regard to his citation to authority argument. The record reveals that the State relied on Smith's 2003 robbery conviction as evidence that he was guilty of possession of a firearm by a SVF. Smith asserts in the instant appeal that had appellate counsel raised a sufficiency claim on direct appeal, it "may well have prevailed, as demonstrated by *Abdullah*." Appellant's Br. p. 16.

[20] As we stated above, the abstract of judgment relating to Smith's 2003 convictions in Marion County was valid. As such, given our conclusion above

that citation to *Abdullah* would have been unavailing as it is easily distinguishable from the facts presented in the instant matter, we conclude that Smith has failed to prove that his appellate counsel's failure to raise a sufficiency claim based on the precedent set by our opinion in *Abdullah* constituted either deficient performance or resulted in prejudice. An attorney does not provide ineffective assistance by failing to raise a losing argument on direct appeal. *See McChristion v. State*, 511 N.E.2d 297, 302 (Ind. 1987) (providing that because the arguments at issue were meritless, appellate counsel was not ineffective for failing to raise them on direct appeal). We therefore further conclude that Smith has failed to prove that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to sustain his conviction for possession of a firearm by a SVF on direct appeal.

## Conclusion

[21] We conclude that Smith has failed to prove that he suffered ineffective assistance of appellate counsel. We therefore affirm the judgment of the post-conviction court.

[22] The judgment of the post-conviction court is affirmed.

Vaidik, C.J., and Brown, J., concur.