Robert G. **JAMES, Administrator of the Estate of Gerald B. Snodgrass, Deceased, Plaintiff-Appellant,**

v.

The **BOARD OF COMMISSIONERS OF the COUNTY OF HENDRICKS, Defendant-Appellee.**

No. 1–479A112.

Court of Appeals of Indiana, First District.

Nov. 7, 1979.

Rehearing Denied Dec. 12, 1979.

Vernon J. Petri, John J. Fuhs, Doyal E. McLemore, Petri & Fuhs, Spencer, for plaintiff-appellant.

Allen F. Wharry, Hollingsworth, Martin, Wharry & Pedersen, Lebanon, for defendant-appellee.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant Robert G. James appeals the denial of his Ind.Rules of Procedure, Trial Rule 60(B) motion for relief from judgment or order.

## FACTS

This case involves a wrongful death action stemming from the accidental death of Gerald B. Snodgrass on a Hendricks County road. The issues on appeal are concerned solely with procedural matters.

The instant case was filed in June, 1975, but the relevant proceedings began on March 15, 1978, when, along with a number of interrogatories, requests to produce, and the like, James served a request for admissions pursuant to Ind.Rules of Procedure, Trial Rule 36. James requested thirteen admissions, pertaining generally to various facts in issue, negligence, and liability. Pursuant to T.R. 36(A), the request designated that written response was due in thirty days. On April 15th the Board of Commissioners of the County of Hendricks

(the Board) filed a motion for extension of time, pursuant to Ind.Rules of Procedure, Trial Rule 6, which was granted up to and including May 8th. The Board failed to answer or object to the request for admissions within the prescribed period.

On May 18, 1978, the Board filed a "Motion to Strike" the request. On the first day of June, James filed an objection to this motion and on June 14th, he filed a motion for summary judgment. Ind.Rules of Procedure, Trial Rule 56.

On June 23, 1978, the court heard oral argument on the motions. On July 18th, the court issued an order denying James' motion for summary judgment, denying the Board's motion to strike, and ordering the Board to answer the request for admissions and other interrogatories by August 7th. The answers were properly filed within this period.

On July 28, 1978, James filed a petition for certification pursuant to Ind.Rules of Procedure, Appellate Rule 4(B). The trial court certified the petition and stayed the proceedings. We denied the petition, pursuant to the same rule, on August 10th.

On October 3, 1978, James filed a motion for relief from judgment or order, pursuant to T.R. 60(B), alleging that the order of July 18th, insofar as it gave the Board additional time to respond and therefore denied James' motion for summary judgment, constituted surprise, was contrary to law, and would visit unfairness and undue hardship on the plaintiff.

On November 17, 1978, the trial court overruled the T.R. 60(B) motion. This constituted a final judgment, T.R. 60(C), and James filed a motion to correct errors, Ind. Rules of Procedure, Trial Rule 59, alleging an abuse of discretion.[1] The motion was overruled, and James perfected the appeal to this court.

### ISSUES

Although James addresses a number of issues regarding the proper interpretation of T.R. 36, we are more concerned with a single issue regarding the proper use of T.R. 60(B): Whether James may use T.R. 60(B) to transform interlocutory orders into final orders, amenable to appellate procedure and review.

### DISCUSSION AND DECISION

Ind.Rules of Procedure, Appellate Rule 4 provides:

"(A) APPEALS FROM FINAL JUDGMENTS. Appeals may be taken by either party from all final judgments of Circuit, Superior, Probate, Criminal, Juvenile, County, and where provided by statute for Municipal Courts. A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom. The Supreme Court shall have exclusive jurisdiction of:

\*　　\*　　\*　　\*　　\*　　\*

(B) In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana. Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers;

(4) Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(5) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

---

1. *See, Hooker v. Terre Haute Gas Corporation*, (1974) 162 Ind.App. 43, 317 N.E.2d 878.

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (B) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any. Any law, statute or rule or part thereof in conflict with the provisions set forth hereinabove are superseded by these rules, and the portions in conflict with these rules are hereby held vacated, set aside and held for naught. * * * ”

■ Generally, appeals may only be taken from final judgments. *Hudson v. Tyson*, (1978) Ind.App., 383 N.E.2d 66. Appeals may be taken from interlocutory orders in four specific cases and upon petition to and acceptance by this court. *Costanzi v. Ryan*, (1977) Ind.App., 368 N.E.2d 12. The obvious purpose of the final judgment rule and the strict limitation of interlocutory appeals is to prevent the needless and costly delay in the trial of lawsuits which would result from limitless intermediate appeals. *Thompson v. Thompson-Smith v. Smith*, (1972) 259 Ind. 266, 286 N.E.2d 657.

James sought review of the trial court's order under A.R. 4(B)(5). His petition read as follows:

“Comes now the plaintiff, through counsel, and hereby petitions this Court under Appellate Rule 4(B)(5) to certify for appeal its Interlocutory Order of July 18, 1978, which both denied plaintiff's Motion for Summary Judgment and granted defendant permission to respond out of time to plaintiff's Requests for Admission. . . . ”

In support of the petition, James alleged that (a) he would suffer substantial expense, damage, and injury if he were required to proceed with a trial on the merits, (b) the order involved a substantial question of law, that being the proper relationship between T.R. 6 and T.R. 36, and (c) the remedy by appeal after judgment was inadequate since James would already have suffered the detriments mentioned in (a).

We denied James' petition for certification but did not, at that time, state the reasons for our denial. It seems reasonable to state here that the “expense, damage, and injury” incurred by a plaintiff simply as a result of his being required to continue and try his case on the merits will rarely, if ever, be substantial enough to invoke our review under A.R. 4(B)(5).

In an apparent attempt to make an “end run” around our denial of his A.R. 4(B)(5) petition, James filed a T.R. 60(B) motion for relief from judgment or order (denied), a motion to correct errors (denied), and further perfected this appeal. This was improper.

■ T.R. 60(B) provides:

“(B) MISTAKE—EXCUSABLE NEGLECT—NEWLY DISCOVERED EVIDENCE—FRAUD, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:

\* \* \* \* \* \*

The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken. . . . ”

There is considerable case law dealing with the misuse of the 60(B) motion. Generally the problem is that an appellant has filed the motion too late or in lieu of a motion to correct errors. It is settled law that a 60(B) motion is not a substitute for a timely appeal. *See In Re Marriage of Jones*, (1979) Ind.App., 389 N.E.2d 338, and cases cited

therein. However, we are unable to find any case law dealing with the finality provision of T.R. 60(B) insofar as it applies to various orders and proceedings.

Federal Rules of Civil Procedure 60(b), after which our T.R. 60(B) is modeled, expressly provides that Fed.R.Civ.P. 60(b) is applicable only to final judgments, orders, and proceedings.[2] The limitation derives, in part, from the doctrine enunciated in *John Simmons Company v. Grier Brothers Company*, (1922) 258 U.S. 82, 42 S.Ct. 196, 66 L.Ed. 475, that the federal courts have plenary power to correct, at any time prior to final judgment, errors they may have committed in the course of proceedings.[3] 7 *Moore's Federal Practice* §§ 16.16[4], 16.-18[8], 16.20. Thus, under the federal rules, an order denying a motion for summary judgment may not be challenged by the use of a Fed.R.Civ.P. 60(b) motion. *Bon Air Hotel, Inc. v. Time, Inc.*, (5th Cir. 1970) 426 F.2d 858.

Our T.R. 60(B) contains essentially the same, express provision that it applies only to *final* judgments, orders, defaults, and proceedings. The trial courts of this State possess inherent power to reconsider their interlocutory orders and correct any errors they have made in the course of proceedings until such time as a final judgment or order is rendered. The Indiana Rules of Procedure and relevant case law clearly indicate that appellate review of interlocutory orders, if not permitted by specific, statutory provision, may only be obtained by coming under the provisions of A.R. 4(B).

A lengthy discussion of the manner of determining the relative finality of various orders, decrees, and the like is unnecessary in this case. When James filed his A.R. 4(B)(5) petition, he had no trouble identifying the order as an interlocutory one. *See,* T.R. 56(E); *Shideler v. Dwyer,*

(1979) Ind.App., 386 N.E.2d 1211; *Pitts v. Wooldridge et al.,* (1974) 161 Ind.App. 404, 315 N.E.2d 736. We find that his subsequent use of the 60(B) motion, in this case, was improper.

The appeal is dismissed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

ROBERTSON and NEAL, JJ., concur.

---

2. Fed.R.Civ.P. 60(b) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * *"

3. A limited number of interlocutory appeals are allowed under various United States Code provisions. *See, e. g.,* 28 *U.S.C.A.* § 1252 and 28 *U.S.C.A.* § 1292.