**Bilal ABDULLAH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–0505–CR–300.**

Court of Appeals of Indiana.

May 25, 2006.

David Becsey, Zeigler Cohen & Koch, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Bilal Abdullah appeals his conviction on one count of unlawful possession of a firearm by a serious violent felon and his habitual offender enhancement. Among other things, Abdullah contends that the trial court erred when it relied on an abstract of judgment lacking a judicial signature as support for its findings that Abdullah is a serious violent felon and a habitual offender. We agree with Abdullah on this point, and we hold that where an abstract of judgment is the only evidence before the court introduced to show that an offender has a prior conviction for purposes of proving his statuses as a serious violent

felon and as a habitual offender, Indiana Trial Rule 58 requires that the abstract be signed by the judge who ordered the conviction. Finding this issue dispositive, we vacate Abdullah's conviction for unlawful possession of a firearm by a serious violent felon and the trial court's finding that he is a habitual offender.

### Facts and Procedural History

On November 14, 2004, Indianapolis police officers attempted to stop a vehicle driven by Bilal Abdullah. After an officer activated his emergency lights, Abdullah briefly pulled to the side of the road, a passenger exited his vehicle, and the car then sped off. Two officers pursued Abdullah, who eventually jumped from the moving vehicle and fled on foot for about one block before being apprehended. As he was fleeing, Abdullah was carrying a blue gym bag, which he threw to the ground before his capture. Police recovered the bag and discovered that it contained a crowbar, screwdrivers, a change of clothes, and a loaded .38 caliber snubnosed handgun. Abdullah did not have a permit to carry the gun. Abdullah also was carrying an identification card listing his date of birth and social security number, and dispatch records indicated that Abdullah was formerly known as Montez Humphrey.[1]

Abdullah was arrested and eventually charged with Count I: Unlawful Possession of a Firearm by a Serious Violent Felon as a Class B Felony;[2] Count II: Resisting Law Enforcement as a Class D Felony;[3] Count III: Resisting Law Enforcement as a Class A Misdemeanor,[4] and Count IV: Carrying a Handgun Without a License as a Class A Misdemeanor (Count IV, part one) or as a Class C Felony (Count IV, part two).[5] The State later filed a notice of its intent to seek habitual offender status for Abdullah.[6] Following a bench trial, Abdullah was found guilty of Counts I–III and Count IV, part two, and he was found to be a habitual offender. The trial judge further found Abdullah's criminal history to be an aggravator and the fact that incarceration would be a hardship on his children to be a mitigator. In balancing these factors, the judge found the aggravator to outweigh the mitigator. The trial court merged the conviction for carrying a handgun without a license into the unlawful possession conviction and sentenced Abdullah as follows:

> As to Count One I am going to impose the presumptive sentence of 10 years. As to Count Two and Count Three, the resisting charges, I'm going to impose 1–year sentences on each count, and those counts will be served concurrently with the sentence under Count One. The enhancement is the major consideration .... I am going to impose a 30–year enhancement, but I will note that you've never received the benefit of probation as an adult, so I'm going to order that 10 years of that 30–year enhancement to be served consecutively to the term served under Count One. The remaining 20 years will be suspended and I will put you on probation for 10 years.

Tr. p. 76–77. This appeal now ensues.

### Discussion and Decision

Abdullah raises several issues on appeal, one of which we find dispositive: whether a certified abstract of judgment lacking a

---

1. The trial court later found that Abdullah was, indeed, formerly known as Humphrey, and Abdullah does not dispute this finding on appeal.

2. Ind.Code § 35–47–4–5.

3. Ind.Code § 35–44–3–3.

4. *Id.*

5. Ind.Code § 35–47–2–1.

6. Ind.Code § 35–50–2–8.

judicial signature is sufficient to prove a defendant's prior conviction for purposes of proving that defendant's statuses as a serious violent felon and as a habitual offender.[7] Abdullah is essentially arguing that the evidence is insufficient to support his conviction.

 When reviewing a claim of sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind.2003). We look only to the probative evidence supporting the judgment and the reasonable inferences from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* We will uphold the conviction if there is substantial evidence of probative value to support it. *Id.*

 Pursuant to Indiana Code § 35–47–4–5(c), "[a] serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony." A "serious violent felon" is defined as "a person who has been convicted of committing a serious violent felony in Indiana." Ind.Code § 35–47–4–5(a)(1)(A). The statute lists "robbery" among the crimes regarded as serious violent felonies, Ind.Code § 35–47–4–5(b)(12), and the State alleged that Abdullah had a prior conviction for robbery. Thus, to convict Abdullah of unlawful possession of a firearm by a serious violent felon based upon a previous conviction for robbery, the State had to prove that he had been con-

victed of robbery and, thereafter, knowingly or intentionally possessed a firearm.[8]

Similarly, pursuant to Indiana Code § 35–38–1–3, a person is a habitual offender if the jury or the court finds that the State has proven beyond a reasonable doubt that he has accumulated two prior unrelated felony convictions. In Abdullah's case, the State alleged that Abdullah had previously been convicted of burglary[9] and robbery.

In order to establish Abdullah's statuses as both a serious violent felon and a habitual offender, the State submitted certified copies of an abstract of judgment, charging documents, probable cause affidavits, and arrest records to prove that Abdullah had been convicted of robbery in 1993. *See* State's Ex. 9. Abdullah specifically challenges the trial court's reliance on the abstract of judgment from the case, which he correctly notes is the only document submitted that suggests *conviction*—as opposed to mere arrest and charging—for the crime. The abstract, although certified to be a "True and Complete" copy by the Marion County Clerk of Courts, was never signed by the judge presiding over the case. Abdullah contends that this constitutes a fatal defect under Indiana Trial Rule 58, which provides that "upon a verdict of a jury, or upon a decision of the court, the court *shall* promptly prepare and sign the judgment," Ind. Trial Rule 58(A) (emphasis added), and "a judgment *shall* contain the following elements: ... (5) The date of the judgment and the

---

7. Abdullah actually argues separately as between the use of the abstract to support his statuses as a serious violent felon and as a habitual offender. As his arguments mirror one another, and as our resolution to each argument is essentially identical, we combine our analysis here. In addition, we note that Abdullah does not challenge his convictions on Counts II and III, both for resisting law enforcement.

8. On appeal, Abdullah does not challenge the trial court's finding that he knowingly or intentionally possessed a firearm.

9. On appeal, Abdullah does not challenge the trial court's finding that he has a prior unrelated conviction for burglary.

signature of the judge." T.R. 58(B) (emphasis added) (formatting omitted).

The State, on the other hand, argues that a certified, albeit unsigned, abstract of judgment is sufficient to prove the existence of a conviction. Citing *Johnson v. Cornett*, 474 N.E.2d 518 (Ind.Ct.App.1985), *reh'g denied, trans. denied,* for support, the State argues that "Trial Rule 58 governs judgments for the purpose of determining when they are final," and that by "its express terms ... determines only when there has been an 'entry of judgment,' and the rule does not determine whether there has been a 'judgment.'" Appellee's Br. p. 5. The State goes on to suggest that "Trial Rule 58 is not meant to invalidate judgments that do not comply [with] its terms, but is designed to trigger the deadlines set in other trial rules ...." *Id.* at 5–6. While we agree with the State as to the purpose of Trial Rule 58, we cannot agree with its application of *Johnson* or with its conclusion that a conviction can be proved with an unsigned abstract of judgment absent any other supporting documents showing the fact of a conviction.

Indeed, our reading of *Johnson* actually contradicts the State's argument. The appellants in *Johnson* argued that for the purpose of determining the applicable start-date for the statute of limitations, the court's judgment in their case was final when the court announced its dissolution of the case even though the trial judge did not sign the abstract of judgment until almost one month thereafter. The *Johnson* court disagreed and found that the statute of limitations started to run on the date the presiding judge signed the abstract. 474 N.E.2d at 519. The trial court explained its reasoning as follows:

> In this case, appellants maintain that the damage occurred when the trial court announced its intentions. However, the decision at that point could still be al-
> tered. *In other words, the decision was not final. A trial court has broad latitude and up to the time a decision is final may re-think its position. See, James v. Board of Commissioners of Hendricks County,* (1979) 182 Ind.App. 697, 396 N.E.2d 429. Thus, the court's initial pronouncement was completely ambulatory until January 24, 1980, the time it issued its final order.

*Id.* (emphasis added). The *Johnson* court went on to point out that "Trial Rule 58 concerning entry of a judgment ... support[s] this conclusion. Th[is] rule[] of procedure make[s] it clear that a certain course of action must be adhered to before any court action has finality." *Id.*

■ We agree with the *Johnson* court that Trial Rule 58 requires that an abstract of judgment include a judicial signature in order to be considered a final record of a trial court's ruling. Furthermore, we are mindful of the State's position that an abstract is not meant to nullify a conviction, but that is beside the point. Abdullah does not assert that this unsigned abstract *nullifies* his conviction, only that it fails to *prove* the conviction beyond a reasonable doubt. That is what is required of the State. As the State points out, "[there is no requirement] that a prior conviction can only be proven by an entry of judgment that complies with Trial Rule 58." Appellee's Br. p. 6. Indeed, there are numerous other means by which the State may elect to prove a prior conviction. Prosecutors routinely admit a wide variety of readily-available evidence for this purpose, including but certainly not limited to copies of sentencing orders, case chronologies, plea agreements, testimony from prosecutors or others involved in or witness to the prior conviction, or transcripts from the convicting court's proceedings. Unfortunately, in this case the State chose to prove Abdullah's prior conviction using

only an abstract of judgment, and that abstract was not signed by the presiding judge as *required* by Trial Rule 58. We can only speculate as to why the prosecutor here chose to forego all the other avenues typically available and rest his case on a piece of evidence that was subject to challenge. The unfortunate fact is that he *did* make this choice, and standing alone, an unsigned abstract fails to represent the trial court's final judgment and, therefore, is insufficient to prove a prior conviction for purposes of proving Abdullah's statuses as a serious violent felon and a habitual offender. Moreover, "where the evidence actually presented at trial is insufficient as a matter of law to sustain the conviction, the defendant may not be retried on those charges." *Rhone v. State,* 825 N.E.2d 1277, 1285 (Ind.Ct.App.2005) (citing *Carpenter v. State,* 786 N.E.2d 696, 705 (Ind.2003)), *reh'g denied, trans. denied.* Therefore, Abdullah may not be retried on the unlawful possession of a firearm as a serious violent felon charge or on his status as a habitual offender, and he must be discharged.[10]

Reversed.

ROBB, J., and MATHIAS, J., concur.

---

10. The abstract of judgment for Abdullah's instant conviction indicates that he was sentenced on May 6, 2005, to concurrent one-year terms on each of the resisting law enforcement charges against him, and that he was given credit for fifty-seven days served at that time. Accordingly, he has served the full sentence for each of those charges and must hereupon be released from incarceration.