**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED

Apr 04 2013, 9:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN DEON COATES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1207-CR-359 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Tornatta, Judge
Cause No. 82D02-1105-FB-523

**April 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Justin Deon Coates appeals his conviction and sentence for possession of a firearm by a serious violent felon as a class B felony.[1] Coates raises two issues, one of which we find dispositive and restate as whether the evidence was sufficient to sustain his conviction.[2] We reverse.

FACTS AND PROCEDURAL HISTORY

On May 15, 2011, Coates arrived at the apartment of Jennifer Pitt in Evansville, Vanderburgh County, Indiana, and Pitt observed that Coates was upset. Coates "wanted to go some places," and Pitt wanted Coates out of her residence because her three children were present and because Coates "was upset and [she] wasn't that familiar with him being upset." Transcript at 182. Pitt and Coates entered Pitt's vehicle, and Coates was seated in the passenger seat. Pitt drove Coates to several locations, and she did not know the people that he was visiting. At the first location, Coates went inside and took Pitt's keys with him because he did not want her to leave. At one point, Pitt observed Coates holding a silver gun on his lap. Pitt and Coates eventually returned to Pitt's apartment, and Coates left the apartment.

Coates went to the apartment of Rex Abell, who lived with his wife and her children. Coates, who was known to Abell as "Juice," knocked on the apartment door and asked Abell if he could come inside and wash his hands. Id. at 171. Abell noticed that Coates's "[k]nuckles [were] all bloody," and Coates entered Abell's apartment and washed his hands. Id. at 174. At some point, police received a call regarding a

[1] Ind. Code § 35-47-4-5 (Supp. 2006) (subsequently amended by Pub. L. No. 126-2012, § 58 (eff. July 1, 2012).

[2] Because we reverse Coates's conviction, we need not address the issues he raises related to the length of his sentence.

2

"barricaded gunman" in one of the apartments. Id. at 123. Detective Stacy Spalding arrived at the scene along with other police officers. Coates refused to come out of the apartment, police were aware of an allegation that he was armed, and law enforcement called out a SWAT team. Abell was outside with police, and Coates was inside Abell's apartment. After several hours, Coates surrendered. Police then searched Abell's apartment and discovered a semiautomatic handgun with a silver slide. The gun was discovered in a drawer with children's clothing in a small, plastic dresser located in one of the children's rooms. Detective Spalding later interviewed Coates at the police station.

On May 18, 2011, the State charged Coates with three counts, under Counts I, II, and III, of criminal confinement as a class B felonies, one count, under Count IV, of possession of a firearm by a serious violent felon as a class B felony, and one count, under Count V, of obstruction of justice as a class D felony. Coates filed a motion for a bifurcated trial, which the court granted, and a jury trial was held on Count IV on May 14 and 15, 2012.[3] Pitt, Abell, Detective Spaulding, and others testified at Coates's trial. Abell testified that he had never seen the gun recovered from his apartment and that he did not have any handguns at the residence. Detective Spalding testified that she initially responded to the scene "when the uniform [sic] officers responded to the . . . I guess it was kind of a domestic incident" and that "[w]hen it was determined that it was [] Coates, then I remained there for the duration." Id. at 138. Detective Spalding testified that, while investigating this case, she "looked into" Coates's criminal record and found the convictions. Id. at 158. After the State presented its case, Coates moved for judgment on

_____

[3] We note that Counts I, II, III, and V were not dismissed and that the CCS entry for June 27, 2012 provides that "progress on remaining counts 1, 2, 3 and 5 is reset to 10/15/12 . . . which is trial date in companion case D02-1105-FA-524." Appellant's Appendix at 5.

3

the evidence and argued that the evidence presented to show his prior convictions was insufficient to demonstrate that he is the same person as the person referred to in State's Exhibits 4-A through 4-C, that there was "no testimony before the Court concerning his social security number, no fingerprint comparisons," that "[w]e have a naked name on these instruments and nothing more," and thus that the State failed to make a *prima facie* case. Id. at 223-224. The court denied Coates's motion. Coates later renewed his motion for judgment on the evidence on the same bases, and the court denied the motion. The jury found Coates guilty of Count IV. The court found that aggravating circumstances existed which included that Coates had a stand-off with police, that Coates was on parole, and that there was a domestic situation with children present. The court sentenced Coates to twenty years under Count IV to be executed in the Department of Correction.

## DISCUSSION

The issue is whether the evidence was sufficient to sustain Coates's conviction for possession of a firearm by a serious violent felon as a class B felony. Coates argues that the State failed to prove that he was the same person named in the documents showing prior felonies and, specifically, that none of the documents produced by the State contain his social security number, birth date, or other personal information. Coates asserts that, "[w]ithout any identifying information, certified documents containing a name similar to the defendant will not, standing alone, be sufficient to establish that the defendant has a prior felony conviction." Appellant's Brief at 9. Coates further argues that the testimony of Detective Spalding should not be considered as proof, circumstantial or otherwise, that

4

he is the same person named in the certified documents and that concluding that Detective Spalding matched identifying information based on her testimony would constitute pure speculation. Coates also contends that "[a]n additional problem with the State's argument is that Detective Spalding's declaration that she looked into 'the defendant's criminal record' begs the question," that "[a]ny time the State presents certified documents to the jury, it obviously believes that the defendant is the same person named in the documents," that "indeed, the only way to obtain certified documents showing prior convictions is to 'look into' a defendant's criminal record," and that "[h]owever, it is up to the jury to evaluate evidence presented by the State to prove that the State is correct." Id. at 10-11.[4]

The State maintains that the evidence is sufficient to support Coates's conviction. The State argues that Detective Spalding testified that she was the investigating officer, that as a part of her investigation she "looked into" Coates's criminal record, and that she found that Coates had the two prior felony convictions established by the certified documents contained in State's Exhibits 4-A through 4-C. Appellee's Brief at 7. The State argues that "[i]t can be presumed that Detective Spalding was competent in her job" and "she was able to identify this specific defendant's criminal history from all others and not mistake him for anyone else." Id. The State further argues that "Justin Deon Coates is not a common name," that "[w]hile it is not the best of identification linking [Coates] to the prior convictions, in this case, it is sufficient evidence to establish that the two prior qualifying convictions were, in fact, [Coates's] prior convictions," and that Coates

---

[4] Coates does not argue that the State failed to prove beyond a reasonable doubt that he was in possession of a firearm.

5

"presented no evidence denying or contradicting that the convictions were not his prior convictions." Id.

In his reply brief, Coates argues that the State's argument is an attempt to shift the burden of proof to him as the defendant and that the State's argument rests upon pure speculation. Coates maintains that the State did not present evidence to support its assertion that "Justin Deon Coates" is not a common name and that, even assuming it is an unusual name, this fact standing alone is not sufficient to prove that he is the same person as the defendants listed in the prior conviction documents. Coates also argues that Detective Spalding's testimony that she "looked into" his criminal history is not sufficient to show that he and the persons listed in the prior conviction documents are one and the same person. Appellant's Reply Brief at 6.

When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. In a review of a sufficiency of the evidence claim, we do not reweigh the evidence or reevaluate the credibility of witnesses. Rohr v. State, 866 N.E .2d 242, 248 (Ind. 2007), reh'g denied. We view the evidence most favorable to the verdict and the reasonable inferences therefrom and will affirm the conviction if there is substantial evidence of probative value from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. Id.

In order to prove unlawful possession of a firearm by a serious violent felon as a class B felony, the State was required to prove beyond a reasonable doubt that Coates was a serious violent felon, as defined by Ind. Code § 35-47-4-5(a), and knowingly or

intentionally possessed a firearm. <u>See</u> Ind. Code § 35-47-4-5. A person is a serious violet felon if the person has been convicted of committing one of the serious violent felonies enumerated in Ind. Code § 35-47-4-5(b), which includes the offense of burglary as a class A or B felony under subsection (15) and dealing in or manufacturing cocaine or a narcotic drug under subsection (23). In its charging information, the State alleged that Coates "did knowingly possess a firearm, to-wit: a handgun after having been convicted in the State of Indiana of a serious violent felony, to-wit: Burglary, on April 23, 2009, in the Vanderburgh Circuit Court, cause number 82C01-0607-FB-735 ["Cause No. 735")] and Dealing in Cocaine on May 12, 2005, cause number 82C01-0411-FB-1049 [("Cause No. 1049")]." Appellant's Appendix at 20.

With respect to the use of certified documents to establish the existence of prior convictions, the Indiana Supreme Court has stated:

> Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown.

<u>Tyson v. State</u>, 766 N.E.2d 715, 718 (Ind. 2002) (quoting <u>Hernandez v. State</u>, 716 N.E.2d 948, 953 (Ind. 1999), <u>reh'g</u> <u>denied</u>). The Court has also held:

> Certified copies of judgments or commitments containing the same or similar name as defendant's may be introduced to prove the commission of prior felonies. *However, there must be other supporting evidence to identify defendant as being the same person named in the documents.*

7

Coker v. State, 455 N.E.2d 319, 322 (Ind. 1983) (emphasis added and citations omitted). See Abdullah v. State, 847 N.E.2d 1031, 1034 (Ind. Ct. App. 2006) (noting that "[p]rosecutors routinely admit a wide variety of readily-available evidence for this purpose, including but certainly not limited to copies of sentencing orders, case chronologies, plea agreements, testimony from prosecutors or others involved in or witness to the prior conviction, or transcripts from the convicting court's proceedings").

Here, it was incumbent upon the State to demonstrate that Coates was the person convicted of the prior felonies as alleged in the charging information, and the State presented three exhibits to support the allegation that Coates had been convicted of prior felonies listed under Ind. Code § 35-47-4-5(b). Specifically, the State presented State's Exhibits 4-A and 4-B which contained, respectively, a certified copy of a chronological case summary ("CCS") and an abstract of judgment under Cause No. 1049 in the Vanderburgh County Circuit Court showing that a person, identified by name only as "Justin Deon Coates," pled guilty to dealing in cocaine in April 2005 and that judgment of conviction was entered on May 12, 2005. The State also presented State's Exhibit 4-C, which was a certified copy of a CCS under Cause No. 735 in the Vanderburgh County Circuit Court showing that the defendant, identified by name only as "Justin D Coates," was convicted of burglary as a class B felony on April 23, 2009. We also recognize that Detective Spalding testified that, while investigating this case, she "looked into" Coates's criminal record and found the convictions. See Transcript at 158.

Based upon the evidence and State's Exhibits 4-A through 4-C, we conclude that the evidence was insufficient to demonstrate that Coates was the person who had been

8

convicted of the offenses under Cause No. 1049 and Cause No. 735. The documents presented to the jury do not yield any information, other than a name, which identify Coates as the same person named in the documents, such as a physical description, a social security number, a birthdate, a Department of Correction or county jail identification number, or fingerprint or similar identifying evidence. See Duncan v. State, 409 N.E.2d 597, 601 (Ind. 1980) ("A mere document, relating to a conviction of one with the same name as the defendant would have been insufficient."); Livingston v. State, 537 N.E.2d 75, 78 (Ind. Ct. App. 1989) (observing that the State did not present evidence of copies of Department of Correction records with the defendant's name, date of birth, social security number, fingerprints, or physical description and holding that the evidentiary link was too tenuous to permit a reasonable juror to find beyond a reasonable doubt that the defendant had the previous conviction as alleged by the State); see also Abdullah, 847 N.E.2d at 1034-1035 (observing that the State chose to prove the defendant's prior conviction using only an abstract of judgment, that abstract was not signed, that this court could only speculate as to why the prosecutor chose to forego all the other avenues typically available and rest his case on a piece of evidence that was subject to challenge, and holding that the abstract of judgment standing alone was insufficient to prove a prior conviction for purposes of proving in part the defendant's status as a serious violent felon); cf. Toney v. State, 715 N.E.2d 367, 369 (Ind. 1999) (documentation listing the defendant's name, gender, race, and birthdate was sufficient to prove that the defendant was the same person who committed a previous felony); Lewis v. State, 554 N.E.2d 1133, 1136-1137 (Ind. 1990) (noting that evidence of the

9

defendant's name, date and place of birth, and physical description was sufficient to establish identification), reh'g denied; Thomas v. State, 443 N.E.2d 1197, 1200 (Ind. 1983) (holding that evidence including the defendant's name, fingerprint card listing his social security number, and date and place of birth was sufficient to establish identification).  Consequently, we conclude under these circumstances that there is insufficient evidence of probative value from which the jury could reasonably have found beyond a reasonable doubt that Coates committed the felony convictions enumerated in Ind. Code § 35-47-4-5(b) as charged by the State.  Accordingly, we reverse and vacate Coates's conviction for possession of a firearm by a serious violent felon as a class B felony.

For the foregoing reasons, we reverse Coates's conviction for possession of a firearm by a serious violent felon as a class B felony.

Reversed.

BAILEY, J., and VAIDIK, J., concur.