## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Adam Horton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 28, 2015

Court of Appeals Case No.
79A02-1410-CR-765

Appeal from the Tippecanoe
Superior Court

The Honorable Les A. Meade, Judge

Trial Court Case No.
79D05-1401-FD-26

**Mathias, Judge.**

[1]     Adam Horton ("Horton") was convicted in Tippecanoe Superior Court of Class D felony domestic battery. Horton raises two issues on appeal, which we restate as: (1) whether Horton knowingly, intentionally, and voluntarily waived his

right to a jury trial, and (2) whether the evidence presented by the State is sufficient to support Horton's Class D felony domestic battery conviction.

[2] We affirm.

## Facts and Procedural History

[3] On December 4, 2013, Horton and his girlfriend, Kebran Fettig ("Fettig"), were spending time with Horton's family at his father's home near West Point, Indiana. At some point that evening, Horton and Fettig had an argument, and Fettig stormed out of the house. As she began to walk along a rural gravel road leading away from the house, Horton followed her and continued to argue with her. Eventually, he pushed her to the ground and straddled her, pinning her to the ground. When Fettig tried to scream for help, Horton covered her mouth with one hand and put his other hand around her throat. Horton tried to choke Fettig and called her "a dumb bitch" and a "whore." Tr. p. 38. He told her that she "deserve[d] to die." *Id.*

[4] After several minutes, Fettig was able to free herself and stand up, at which point Horton struck her in the face. The two then noticed a car approaching. When the car stopped at a nearby intersection, Fettig flagged down the driver for help. The driver took Fettig to the police station. At the police station, officers observed a scratch under Fettig's nose, bruises on her arms, and scratches on her stomach.

[5] On January 15, 2014, the State charged Horton with Class D felony domestic battery, Class A misdemeanor domestic battery, two counts of Class D felony

strangulation, and Class A misdemeanor intimidation. The State dismissed the Class A misdemeanor intimidation charge on September 25, 2014, and a jury trial was held the same day on the remaining charges. The jury found Horton guilty of Class A misdemeanor domestic battery and not guilty of the two strangulation charges.

[6] Following the jury's verdict, the following colloquy occurred:

> Court: [D]o I understand you're waiving the jury trial on Count IV?
>
> State: That's correct judge.
>
> Court: And we still need to proceed on Count IV now? He was found guilty of the domestic battery.
>
> Defense Counsel: Yes, Judge.
>
> Court: Ok. How do you intend to proceed? As a bench trial?
>
> Defense Counsel: Yes.
>
> State: I'm sorry, Judge, I didn't . . .
>
> Defense Counsel: Yes, as a bench trial.

Tr. pp. 139-40.

[7] As agreed, the Class D felony domestic battery enhancement proceeded to bench trial. To prove that Horton had previously been convicted of domestic battery, as required to enhance Horton's Class A misdemeanor conviction to a Class D felony conviction, the State presented evidence of Horton's 2002 domestic battery conviction in the form of an unsigned copy of the sentencing order, along with booking photos, the charging information, and the probable cause affidavit. Importantly, Horton's previous conviction occurred in the same court as the present offense, and the State asked the trial court to take judicial

notice of its file in that cause, which the court did. The trial court took the matter under advisement to review the evidence.

[8] On October 23, 2014, the trial court found Horton guilty of Class D felony domestic battery and sentenced him to two and one half years, with one year executed, one year in community corrections, and six months suspended to probation.

[9] Horton now appeals.

## I. Sufficiency

[10] Horton contends that the evidence is insufficient to support his Class D domestic battery conviction. Our standard of review is well established:

> When reviewing a sufficiency of the evidence claim, we neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence that is favorable to the judgment along with the reasonable inferences to be drawn therefrom to determine whether there was sufficient evidence of probative value to support a conviction. We will affirm the conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt.

*Staten v. State,* 844 N.E.2d 186, 187 (Ind. Ct. App. 2006) (citations omitted), *trans. denied.*

[11] To convict Horton of Class D felony domestic battery, the State first had to prove beyond a reasonable doubt all the elements of Class A misdemeanor domestic battery. Indiana Code section 35-42-2-1.3(a) provides that "[a] person

who knowingly or intentionally touches an individual who . . . is or was a spouse of the other person . . . in a rude, insolent, or angry manner that results in bodily injury to the person" commits Class A misdemeanor domestic battery.

[12] To enhance the Class A misdemeanor domestic battery to Class D felony domestic battery, the State also had to prove that Horton has a previous, unrelated domestic battery conviction. *See* Ind. Code § 35-42-2-1.3(b)(1).[1]

[13] Horton argues that the State provided insufficient evidence to prove that he had a previous conviction for domestic battery. In order to establish the elements for Class D felony domestic battery, the State submitted booking photos, the charging information, the probable cause affidavit, and an unsigned sentencing order from Horton's 2002 conviction. The State also asked the trial court to take judicial notice of its own file from Horton's prior conviction, which had occurred in the same court.

[14] Citing *Abdullah v. State*, 847 N.E.2d 1031 (Ind. Ct. App. 2006), Horton contends that the unsigned sentencing order, which is the only evidence submitted by the State that purports to prove a conviction rather than mere arrest and charging, is insufficient to prove his prior conviction. In *Abdullah*, another panel of this court held that an unsigned abstract of judgment, standing alone, is not sufficient to prove a prior conviction for purposes of proving the defendant's status as a habitual offender. *Id.* at 1035. This court observed:

---

[1] The statute in its current form defines Class D felony domestic battery as Level 6 felony domestic battery. Horton committed the present offense prior to the statute's revision.

> Prosecutors routinely admit a wide variety of readily-available evidence for this purpose, including but certainly not limited to copies of sentencing orders, case chronologies, plea agreements, testimony from prosecutors or others involved in or witness to the prior conviction, or transcripts from the convicting court's proceedings. Unfortunately, in this case the State chose to prove Abdullah's prior conviction using only an abstract of judgment, and that abstract was not signed by the presiding judge as *required* by Trial Rule 58. We can only speculate as to why the prosecutor here chose to forego all the other avenues typically available and rest his case on a piece of evidence that was subject to challenge.

*Id.* at 1034-35 (citing Indiana Trial Procedure Rule 58).

[15] However, at the time *Abdullah* was decided, the general rule in Indiana was that a trial court could not take judicial notice "even of its own records in another case previously before the court on a related subject with related parties." *Gray v. State*, 871 N.E.2d 408, 413 (Ind. Ct. App. 2007), *trans. denied*. Therefore, the unsigned abstract was in fact the only evidence the State submitted to prove a conviction. Now, however, the trial court is permitted to take judicial notice of its own files. *See* Indiana Evidence Rule 201(b) ("the court may judicially notice . . . records of a court of this state.").

[16] Here, the trial court was asked to take judicial notice of its file in the previous case and stated that it would. Horton did not object to the State's request. Not only was the trial court asked to take judicial notice of the records of *a* court, it was asked to take judicial notice of *its own* records. We can presume that the trial court did in fact review its earlier file and was aware of its contents, and that those contents included evidence supporting the enhancement. Moreover,

a trial court is presumed to know and correctly apply the law. *See Crider v. State*, 984 N.E.2d 618, 624 (Ind. 2013).

[17] Unquestionably, the State could have done a better job of proving its case for the enhancement and making the conviction apparent in the record, and we do not intend to encourage prosecutors to rely on judicial notice to fill in the gaps in evidence. It is still the State's burden to prove the elements of the enhancement beyond a reasonable doubt, and it should do so in a way that is apparent on the face of the record. However, because the State asked the trial court to take judicial notice of its own file, the trial court took the enhancement under advisement to review the evidence, and the trial court is presumed to know the applicable law, we conclude that the State presented sufficient evidence to prove that Horton had a prior domestic battery conviction, and therefore, sufficient evidence supported his Class D felony conviction.

## II. Waiver of Jury Trial

[18] Horton next argues that because (1) no written waiver of his right to a jury trial on the Class D felony count exists, and (2) his counsel, rather than Horton himself, confirmed that Horton wished to proceed to bench trial, the waiver was ineffective, and his Class D felony conviction should be vacated.

[19] The right to trial by jury is a fundamental right guaranteed by the Sixth Amendment to the U.S. Constitution and by Article 1, Section 13 of the Indiana Constitution. *Coleman v. State,* 694 N .E.2d 269, 278 (Ind. 1998). A defendant's waiver of the right "must be voluntary, knowing, and intelligently

made with sufficient awareness of the relevant circumstances surrounding its entry and its consequences." *O'Connor v. State,* 796 N.E.2d 1230, 1233 (Ind. Ct. App. 2003) (citation omitted).

[20] Denying a defendant a jury trial in the absence of a knowing, voluntary, and intelligent waiver is fundamental error. *Johnson v. State,* 6 N.E.3d 491, 496 (Ind. Ct. App. 2014). A valid waiver requires affirmative action by the defendant, *O'Connor,* 796 N.E.2d at 1233, and "must be elicited personally from the defendant, either orally in open court or in writing." *Reynolds v. State,* 703 N.E.2d 701, 704 (Ind. Ct. App. 1999). This court has determined:

> A voluntary waiver occurs if the conduct constituting the waiver is the product of a free will; a knowing waiver is the product of an informed will; an intelligent waiver is the product of a will that has the capacity to understand; and a waiver is personal if it is made by the defendant.

*Id.* (citation omitted).

[21] Here, nothing in the record suggests that Horton did not understand his right to a jury trial and the consequences of waiving that right. Although the defendant's personal desire to waive the right must be apparent from the record, a trial court is not required to orally advise a defendant of his or her right to a jury trial and the consequences of waiving that right. *McSchooler v. State,* 15 N.E.3d 678, 682–83 (Ind. Ct. App. 2014). Nor is counsel required "to explain each and every possible detail concerning a jury trial in order for the defendant to be sufficiently informed[.]" *Reynolds,* 703 N.E.2d at 704.

[22] The fact that Horton had just been through a jury trial on the Class A misdemeanor count of his case suggests that he had "familiarity with the judicial process, making it quite likely that he knew what a 'jury' was." *Poore v. State,* 681 N.E.2d 204, 207 (Ind. 1997). In addition, Horton was represented by counsel when he waived his right to a jury trial, and in fact, Horton's counsel stated in open court and in Horton's presence that Horton wished to waive his right to a jury trial on the Class D felony enhancement, and Horton did not object or state otherwise. It is reasonable to infer that Horton was acting upon the advice of legal counsel and that the decision to waive the right to a jury trial was a strategic one. *See McSchooler,* 15 N.E.3d at 683. Evidence of waiver as a deliberate strategy supports the trial court's conclusion that Horton made an informed decision when he waived his right to a jury trial.

[23] We further note that a waiver of jury trial need not be written to be effective. *See Johnson v. State*, 6 N.E.3d 491 (Ind. Ct. App. 2014) (noting that a defendant may express the desire to waive his right to a jury trial through a colloquy in open court). Here, Horton's counsel's confirmation that Horton wished to waive his right to a jury trial on the Class D felony enhancement adequately reflects Horton's desire to waive this right.

[24] Under these facts and circumstances, we conclude that Horton knowingly, voluntarily, and intelligently waived his right to a jury trial.

## Conclusion

For all of these reasons, we conclude that Horton knowingly, voluntarily, and intelligently waived his right to a jury trial on his Class D felony enhancement and that the State presented sufficient evidence to prove that Horton was guilty of Class D felony domestic battery.

Affirmed.

May, J., and Robb, J., concur.