## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 23 2019, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce E. Andis
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph M. Backenstoes,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 23, 2019

Court of Appeals Case No.
18A-CR-1297

Appeal from the Lawrence
Superior Court

The Honorable William Sleva,
Judge

Trial Court Cause No.
47D02-1710-F4-1533

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Joseph Backenstoes (Backenstoes), appeals his conviction for unlawful possession of a firearm by a serious violent felon (SVF), a Level 4 felony.

We affirm.

# ISSUE

Backenstoes presents a single issue on appeal, which we restate as follows: Whether the State presented sufficient evidence beyond a reasonable doubt to establish that he had a prior conviction in Louisiana that would make him a SVF.

# FACTS AND PROCEDURAL HISTORY

In May 2017, Backenstoes resided with his cousin Debbie Craig (Debbie) in her two-bedroom residence in Fayetteville, Lawrence County, Indiana. Also living in Debbie's house was Debbie's husband, Travis Craig (Travis), and their children.

On October 6, 2017, the Lawrence County Sherriff's Department was investigating the homicide of Travis which had occurred in his home. During the investigation, the deputies learned that Backenstoes resided in Travis' and Debbie's home. Sometime that day, Detective Phil Wigley (Detective Wigley) interviewed Backenstoes at the station. During a recorded interview, Backenstoes offered his date of birth as November 2, 1989, and he "admitted to

shooting shotguns and several rifles" at Travis' and Debbie's compound. (Appellant's App. Vol. II, p. 8). The officers later obtained a search warrant of Travis' and Debbie's home. During the search, the officers seized about twenty firearms from the residence. On October 7, 2017, "Detective Wigley became aware that Backenstoes has a prior conviction[] for . . . burglary of an inhabited dwelling in the [S]tate of Louisiana." (Appellant's App. Vol. II, p. 8).

[6] On November 6, 2017, the State filed an Information, charging Backenstoes with unlawful possession of a firearm by a SVF, a Level 4 felony. A two-day jury trial was held on March 27 through March 28, 2018. During its case-in-chief, the State moved to admit Exhibit 12, a group of certified documents from a district court in Louisiana. With that exhibit, the State intended to prove that Backenstoes had a prior felony conviction in Louisiana, for "simple burglary of an inhabited dwelling." (State's Exh. 12). Backenstoes objected to the admission of that exhibit, arguing that it was hearsay and unduly prejudicial. After the parties' arguments, the trial court admitted Exhibit 12 over Backenstoes' objection, however, it redacted specific portions of the exhibit which had a reference to other charges which did not result in a conviction. At the close of the State's case-in-chief, Backenstoes moved for judgment on the evidence pursuant to Indiana Trial Rule 50. Backenstoes' sole basis for his motion for a directed verdict was his contention that the State had presented an unsigned document to prove his prior burglary conviction in Louisiana. After the parties' arguments, the trial court denied the motion. Following the presentation of all evidence, the jury found Backenstoes guilty as charged. On

April 26, 2018, the trial court conducted a sentencing hearing, and thereafter sentenced Backenstoes to ten years in the Department of Correction.

[7] Backenstoes now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Backenstoes argues that the State presented insufficient evidence beyond a reasonable doubt to prove that he had a prior conviction in Louisiana that would make him a SVF.

[9] When reviewing a claim of sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id*. We will uphold the conviction if there is substantial evidence of probative value to support it. *Id*.

[10] When reviewing the issue of insufficient evidence to support a prior felony conviction, we must consider only evidence with substantial probative value. *Dexter v. State*, 959 N.E.2d 235, 239 (Ind. 2012). Our Indiana Supreme Court has held that:

> Certified copies of judgements or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior offenses. While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. If

> the evidence yields a logical and reasonable inference from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown.

*Tyson v. State*, 766 N.E.2d 715, 718 (Ind. 2002) (internal citations omitted.). Furthermore, when proving a prior conviction, "[t]he issue is proof beyond a reasonable doubt, and that proof may be achieved by the use of any properly admissible evidence sufficient to establish the ultimate fact." *Grant v. State*, 870 N.E.2d 1049, 1051 (Ind. Ct. App. 2007), *trans. denied.*

[11] In order to convict Backenstoes of Level 4 felony unlawful possession of a firearm by a SVF, the State needed to prove beyond a reasonable doubt that Backenstoes knowingly or intentionally possessed a firearm, and that he had previously been convicted of a serious violent felony in Indiana or in "any other jurisdiction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of a serious violent felony" in Indiana. I.C. § 35-47-4-5(a)(1). The statute lists several offenses that qualify as serious violent felonies, including our own version of burglary (I.C. § 35-43-2-1); *see also* Louisiana Revised Statute 14:62.2 (providing, in part, that a simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment, or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth). In the instant case, the State alleged that Backenstoes had a prior felony conviction for simple burglary of an inhabited dwelling in Louisiana. *See* I.C. § 35-47-4-5(b)(16).

[12] Here, it was incumbent upon the State to demonstrate that Backenstoes was the person convicted of the prior burglary conviction in Louisiana as alleged in the charging Information, and the State presented Exhibit 12, which encompassed certified minutes of a district court to support the allegation that Backenstoes had been convicted of a prior felony listed under Indiana Code section 35-47-4-5(b)(16).

[13] Backenstoes repeatedly refers to Exhibit 12 as an unsigned *abstract of judgment*, however, we note that Exhibit 12 was a group of certified documents from a district court. The documents included an Information, filed on October 19, 2009, showing that Backenstoes had been charged with other co-defendants for armed robbery, and an amendment of the same charging Information filed on February 22, 2010, indicating that the armed robbery offense had been reduced to a simple robbery, however, this charge did not yield a conviction. While these documents formed part of Exhibit 12, the trial court excluded their admission after concluding that they were "pretty darn prejudicial." (Tr. Vol. III, p. 51). However, the trial court found an extract of the minutes by the district court dated November 18, 2010, probative. The minutes indicated that Backenstoes had appeared before a district court judge for a charge of simple burglary of an inhabited dwelling, a no-contest guilty plea was entered, and Backenstoes was subsequently sentenced to a term of seven years in the Louisiana Department of Correction. Notably, the district court minutes included Backenstoes' personal identifying information, including his date of

birth, and that information matched the information Detective Wigley offered at Backenstoes jury trial.

[14] On appeal, Backenstoes relies on *Abdullah v State*, 847 N.E.2d 1031, 1033 (Ind. Ct. App. 2006). In that case, to establish the defendant's dual status as a SVF and an habitual offender, the State submitted certified copies of an abstract of judgment, charging documents, probable cause affidavits, and arrest records to prove the defendant had been convicted of robbery in 1993. *Id*. The abstract of judgment was the only document suggesting a conviction, but it was not signed by the trial judge. *Id*. Citing Trial Rule 58, we held that an abstract of judgment must include a judicial signature in order to be a final record of the court's ruling. *Id*. at 1034. We reasoned that, standing alone, an unsigned abstract of judgment fails to represent the trial court's final judgment and, therefore, was insufficient to prove a prior conviction for purposes of proving Abdullah's statuses as a SVF and a habitual offender. *Id*. at 1035.

[15] Turning to the record, after the State rested, Backenstoes pursued a motion for directed verdict, arguing that the State had presented insufficient evidence of his prior burglary conviction in Louisiana. After the parties' arguments, the trial court denied Backenstoes' motion and stated the following:

> All right, I actually shepardized [*Abdullah*] and all the prodigy are unpublished, but they all say the same thing [*Abdullah*] says. So[,] here's my ruling based on my understanding of [*Abdullah*] and Trial Rule 58. I'm denying [Backenstoes'] motion because . . . [*Abdullah*] says other evidence could be admitted to show the conviction and it does say things like . . . Let me find it. . . it talks

about, of course testimony from the officers which we clearly didn't have. But it talks about . . . a judicial signature. . . but we didn't have that either. But what is in evidence is a clear indication that this was done before the court. It says, [c]ourt convened at the hour of 9:00 a.m. before the Honorable Robert H. Morrison III District Judge, Division C, and there was a clerk of the court there, district attorney there[,] and court reporter. And so[,] it does have an indication that this was before a judicial officer.

And it further states that the court read the law and possible penalties and charge to [Backenstoes]. . . [Backenstoes] entered a plea of no[] contest to the charge. Then it says the court advised [Backenstoes] of his right to file for post-conviction relief within two years. The court accepted the plea finding there is a factual basis for the plead [sic] and the plea is knowingly, intelligently and voluntarily made and is therefore accepted by the court.

The court imposed the following sentence, in fact, I think one of the things [*Abdullah*] said which could be allowed is a sentencing document.

So[,] I do believe that what's before me and part of the evidence is distinguishable from [*Abdullah*], plus the fact that the . . . conviction in [*Abdullah*] . . . is an Indiana conviction. This is a Louisiana, so . . . [t]hat's minor compared to the language of the court.

(Tr. Vol. III, pp. 69-70).

[16] We find Backenstoes reliance on *Abdullah* misplaced since *Abdullah* related to an incident where the State sought to prove a prior conviction with an unsigned abstract of judgment. *Abdullah*, 847 N.E.2d at 1034. An abstract of judgment is

a "form issued by the Department of Correction and completed by trial judges for the convenience of the Department." *Robinson v. State*, 805 N.E.2d 783, 794 (Ind. 2004). This form is to be sent to the Department of Correction along with all other documents required by law, "upon the commitment of the adult offender to the Indiana Department of Correction." *Id.* In Backenstoes' case, a conviction was entered in 2010 for a burglary offense committed in Louisiana. At Backenstoes' jury trial, the State sought to establish Backenstoes' Louisiana burglary conviction by presenting certified district court minutes, and not an abstract of judgment.

[17]   With that said, we note that in *Abdullah*, we held that there are numerous other means by which the State may elect to prove a prior conviction. *Abdullah*, 847 N.E.2d at 1034. We found that prosecutors routinely submit a wide variety of readily-available evidence for this purpose, including but certainly not limited to copies of sentencing orders, case chronologies, plea agreements, testimony from prosecutors or others involved in or witness to the prior conviction, or transcripts from the convicting court's proceedings. *Id.* In fact, Louisiana law provides that district court minutes may be used to prove a prior conviction. For example, in *State v. Gullette*, 975 So.2d 753, 764 (La. App. 2 Cir. 2008), to prove the defendant's status as a habitual offender, the State introduced exhibits including a certified copy of the bill of information containing the defendant's fingerprints, as well as *copies of the district court minutes* reflecting in part that the defendant was present with counsel and was informed of his rights.

[18]  If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown. *Tyson*, 766 N.E.2d at 718. The district court minutes showed that on "November 18, 2010" Backenstoes appeared in court at "9:00 [a.m.]" before a "District Judge." (State's Exh. 12). In the district court minutes, Backenstoes' date of birth is recorded as November 2, 1989. The minutes further state that Backenstoes was represented by a public defender, and that a "no contest" plea was entered following that charge. (State's Exh. 12). Further, the minutes show that the district court accepted Backenstoes' no-contest guilty plea and proceeded to sentence Backenstoes to "7 [y]ears" in the Louisiana "Department of Corrections." (State's Exh. 12). Detective Wigley then testified that when he interviewed Backenstoes at the station, Backenstoes offered his date of birth as November 2, 1989. Backenstoes later admitted to shooting shotguns and several rifles at Travis' and Debbie's compound in 2017.

[19]  Looking at the evidence presented, the jury was provided with circumstantial evidence of Backenstoes' identity as one and the same person who was convicted of a prior burglary conviction in Louisiana in 2010. Thus, we conclude the State presented sufficient evidence of probative value from which the jury could have found Backenstoes had a prior Louisiana burglary conviction that would make him a SVF. Accordingly, we affirm Backenstoes' conviction for possession of a firearm by a SVF as a Level 4 felony.

# CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to convict Backenstoes for possession of a firearm by a SVF as a Level 4 felony.

Affirmed.

Vaidik, C. J. and Kirsch, J. concur